REMAND/JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-3867-GW(GJSx) | Date | August 15, 2016 |
|---|---|---|---|
| Title | *Kiyan Maghsoodi v. Assurant, Inc., et al* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | Lisa M. Gonzalez | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Boris Treyzon | Raymond J. Tittman |

**PROCEEDINGS:** PLAINTIFF'S MOTION TO REMAND [9]

Court hears oral argument. The Tentative circulated and attached hereto, is adopted as the Court's Final Ruling. Plaintiff's Motion is GRANTED; the above-entitled action is remanded to the Los Angeles County Superior Court (LC104123).

: 07

Initials of Preparer   JG

*<u>Maghsoodi v. Assurant, Inc., et al.</u>*, Case No. 2:16-cv-03867-GW (GJSx)
Tentative Ruling on Motion to Remand Under 28 U.S.C. § 1441(b)

Kiyan Maghsoodi ("Plaintiff") filed suit against Assurant, Inc. ("Assurant"), American Security Insurance Company ("ASIC") and Jack Zernik in Los Angeles County Superior Court on April 28, 2016. Assurant and ASIC removed the matter to this Court on June 2, 2016, asserting complete diversity amongst the parties, in part by relying on an argument that Zernik – who the removal papers acknowledged was a "resident defendant," Notice of Removal at 4:9-12 – was fraudulently joined, such that the Court could ignore his non-diverse (Plaintiff is a California citizen, *see id.* ¶ 8) citizenship. Plaintiff now moves to remand.[1]

The case concerns a homeowners insurance claim Plaintiff placed with his insurer, the Assurant Group (defined in the Complaint as Assurant and ASIC, collectively), in connection with water damage that had occurred at Plaintiff's home in Van Nuys, California. *See* Complaint ¶¶ 4, 8-9. Plaintiff's Complaint named Zernik as a defendant on three causes of action: for violation of California Business and Professions Code § 17200, negligent misrepresentation, and intentional misrepresentation.

Plaintiff asserted that the value paid by the Assurant Group was insufficient to compensate him for his loss, and he sought an appraisal under the Policy. *See id.* ¶ 15. The Assurant Group denied Plaintiff's request for appraisal. *See id.* ¶ 16. During the claim process Zernik, apparently an agent of either Assurant or ASIC, made allegedly false and misleading statements to both Plaintiff and Assurant Group. *See id.* ¶¶ 22, 46, 51-52. Plaintiff alleges that the Assurant Group's denial – which Zernik provided, in writing – was based upon misleading information that Zernik provided intentionally or negligently. *See id.* ¶¶ 53-56, 59-60. Specifically, Plaintiff asserts that Zernik "misrepresented as fact unsubstantiated reasons and factors pertaining to the actual cash value and amount of loss caused by the February 22, 2015 incident and Plaintiff's right to invoke the appraisal provision under the Policy." *Id.* ¶¶ 53, 60. Zernik also falsely "represented to Plaintiff that the appraisal process was not appropriate." *Id.* ¶¶ 54, 61.

---

[1] Assurant and ASIC contend that Plaintiff failed to properly meet and confer before filing this motion. See Docket No. 10, at 10:13-17. Even if true, this motion raises an issue of subject matter jurisdiction, which this Court must consider even in the absence of any motion challenging such jurisdiction. *See, e.g.*, *United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). The Court therefore overlooks any such failure on Plaintiff's part (making unnecessary any finding that any such failure in fact occurred).

For removal based on 28 U.S.C. § 1332 to be proper, the law requires that the parties be diverse and the amount in controversy exceed seventy five thousand dollars. *See* 28 U.S.C. §§ 1332(a), 1441. The Supreme Court has interpreted the diversity statute to require "complete diversity" such that no defendant is a citizen of the same state as any plaintiff. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) ("[T]he presence . . . of a single plaintiff from the same [s]tate as a single defendant deprives the district court of original diversity jurisdiction.").

"[O]ne exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (quoting *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001)). "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent," meaning that the defendant's citizenship may be ignored for diversity purposes. *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987); *see also Weeping Hollow Ave. Trust v. Spencer*, __ F.3d __, 2016 WL 4088749, *3 (9th Cir. Aug. 2, 2016) ("[I]n most cases the focus will be on whether the plaintiff can 'state a reasonable or colorable claim for relief under the applicable substantive law against the party whose presence in the action would destroy the district court's subject matter jurisdiction'") (quoting 13F C. Wright & A. Miller et al., Fed. Prac. & Proc. Juris. § 3641.1 (3d ed.)). In other words, if a plaintiff has any possibility of establishing liability, a court must reject a fraudulent joinder argument. *See, e.g.*, *Hunter*, 582 F.3d at 1044-45 (9th Cir. 2009); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318-19 (9th Cir. 1998); *see also Padilla v. AT&T Corp.*, 697 F.Supp.2d 1156, 1159 (C.D. Cal. 2009). Fraudulent joinder must be proven by clear and convincing evidence. *See Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). In addition, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).[2]

---

[2] Several Circuit Courts of Appeal outside of the Ninth Circuit and several district courts within the Ninth Circuit have also concluded or suggested that all disputed questions of fact and ambiguities in state law should be resolved in favor of the plaintiff in undertaking a fraudulent joinder analysis. *See Gray v. Beverly Enters.-Miss., Inc*., 390 F.3d 400, 405 (5th Cir. 2004); *Pampillonia v. RJR Nabisco, Inc*., 138 F.3d 459, 461 (2d Cir. 1998); *Arriaga v. New Eng. Gas Co*., 483 F. Supp. 2d 177, 182 (D.R.I. 2007); *Knutson v. Allis-Chalmers Corp*., 358 F. Supp. 2d 983, 995 (D. Nev. 2005); *Greene v. Wyeth*, 344 F. Supp. 2d 674, 682 (D. Nev. 2004); *Plute v. Roadway Package Sys., Inc.*, 141 F.Supp.2d 1005, 1008 (N.D. Cal. 2001). This is an understandable related corollary to the rules announced by the Ninth Circuit in *McCabe* and *Gaus*, respectively, that the failure to state a cause of action must be <u>obvious</u>

Here, the question is can Plaintiff possibly state a claim against Zernik, or is it "obvious according to the settled rules of the state" that he cannot.  It is irrelevant how this Court would ultimately resolve that question on the merits – even as a matter of law – if the inability of Plaintiff to state such a claim was not, at the time of removal, "obvious according to the settled rules of the state."  *See, e.g.*, *Weeping Hollow*, 2016 WL 4088749, *5.

Assurant and ASIC contend that Plaintiff cannot state a claim against Zernik because from the face of the Complaint it is clear that he was acting within the scope of his employment as an agent for the Assurant Group.  In their Opposition brief, they cite case law and commentary to that effect.  However, Plaintiff has cited at least one recent California appellate decision which suggests that he may, in fact, be able to sue Zernik notwithstanding Zernik's relationship with the Assurant Group and the fact that he was performing work for the Assurant Group when he committed the acts that give rise to Plaintiff's claims against him.

In *Bock v. Hansen*, 225 Cal.App.4th 215 (2014), homeowners sued their insurer and the adjuster whom their insurer had assigned when a tree limb had crashed onto the plaintiffs' home.  *See id.* at 219.  The plaintiffs asserted negligent misrepresentation and intentional infliction of emotional distress claims against the adjuster in connection with statements he made to them during the course of his adjustment of the claim.  *See id.*  The California Court of Appeal reversed the trial court (which had sustained a demurrer without leave to amend, concluding that the homeowners could not sue the adjuster "in what is a contract based action"), "holding…that negligent misrepresentation can be asserted against an insurance adjuster."  *Id.*

*Bock* clearly supports a potential claim against Zernik here.  It quotes a "leading California treatise" on insurance litigation, "in point-blank terms," for the following:  "The insurer's agents and employees may have committed some independent tort in the course of handling the third party claims; e.g., *misrepresentation or deceit*, invasion of privacy, intentional infliction of emotional distress, etc.  In such event, they can be held personally liable, even though not parties to the insurance contract."  *Id.* at 228 (quoting Croskey et al., Cal. Practice Guide:  Insurance Litigation (The Rutter Group 2013) ¶ 12:104, p. 12A-36 (rev. #1, 2010)) (emphasis in original).  *Bock* "easily [found]" a legal duty running to the adjuster in that case. *Id.*

---

according to the settled rules of the state and that doubts in the removal context are to be resolved in favor of remand.

In so doing, *Bock* quickly disposed of the adjuster's argument that he could not be liable "as an agent because he was acting in the course and scope of his employment." *Id.* at 230. It found "[t]he complete answer" to that proposition in a "terse statement of the rule in Witkin":

> An agent or employee is always liable for his or her own torts, whether the principal is liable or not, and in spite of the fact that the agent acts in accordance with the principal's directions. Similarly, an agent who commits an independent tort, such as fraud, remains liable despite the fact that the principal, by ratification, also becomes liable.

*Id.* (quoting 3 Witkin, Summary of Cal. Law, Agency & Employment, § 199, pg. 252).

In addition to finding that the adjuster had a duty to the insureds, *Bock* also applied "the general law of negligent misrepresentation":

> It is generally said that "…California courts have recognized a cause of action for negligent misrepresentation, i.e., a duty to communicate accurate information, in two circumstances. The first situation arises where providing false information poses a risk of and results in physical harm to person or property. The second situation arises where information is conveyed in a commercial setting for a business purpose." The setting here involves both: Mrs. Bock was injured as a result of Hansen's misrepresentation. And Hansen said what he said for a business purpose.

Id. at 229 (quoting *Friedman v. Merck & Co.*, 107 Cal.App.4th 454, 477 (2003). Assurant and ASIC seize upon the fact that there was no threat or occurrence of physical injury here in arguing why *Bock* cannot help Plaintiff. But if the adjuster in *Bock* "said what he said for a business purpose," the same is true here.[3] So the lack of any physical injury does not aid Assurant and ASIC in prevailing upon their fraudulent joinder argument.

*Bock* closed by rejecting "three federal cases, two published, one not, which [the adjuster defendant had] cite[d] for the proposition that insurance adjusters can never be liable for negligent misrepresentation claims if the false statement was made in the course of the adjuster's employment." *Id.* at 230. Even if *Bock* is presumed to represent a minority view on this issue of law, that is not the relevant question here. The decision plainly demonstrates that a claim of the type Plaintiff has set forth here – even in the absence of any threatened or realized physical injury to Plaintiff – can potentially be asserted against Zernik. Indeed, little over two years ago,

---

[3] Assurant and ASIC attempt to lessen the impact of this statement by describing *Bock*'s commentary on any "business purpose" as *dicta*. *See* Docket No. 10, at 9:23-28. The accuracy of that characterization is not clear to this Court. Bock clearly stated that "the setting here involves *both*" situations providing for a duty to communicate accurate information. *Bock*, 225 Cal.App.4th at 229 (emphasis added).

4

*Bock* specifically rejected three federal court decisions that had determined otherwise. As such, this Court cannot conclude that Plaintiff has failed to state a cause of action against Zernik or that any failure is "obvious according to the settled rules" of California. The Court need not even rely on the strain of case law cited *supra*, Footnote 2, to reach this conclusion.[4]

Zernik was not fraudulently joined. Consequently, his California citizenship must be taken into consideration. As a result, complete diversity is lacking in this action. The Court therefore remands the action to Los Angeles County Superior Court.

---

[4] Assurant's and ASIC's attempt to explain how *Bock* fits in with the general rule on this issue, *see* Docket No. 10, at 7:5-10:2, may very well persuade the California courts with respect to why *Bock*, ultimately, may not support Plaintiff's claim here. But that is not the question this Court faces in assessing fraudulent joinder.